NUMBER 13-07-321-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

MARTIN RENTERIA, Appellant,


v.



THE STATE OF TEXAS, Appellee. 

_____________________________________________________________


On Appeal from the 28th District Court 


of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion Per Curiam


 Pursuant to a plea bargain, appellant, Martin Renteria, pleaded guilty to aggravated
sexual assault of a child, indecency with a child, and attempted indecency with a child in
trial court cause number 05-CR-1816-A. The trial court sentenced appellant in accordance
with the terms of the plea agreement. Appellant filed a pro se notice of appeal. The trial
court's certification of appellant's right to appeal shows that this is a "plea bargain case,
and the Defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). 

 Rule 25.2(a)(2) provides that, in a plea bargain case, a defendant may appeal only
those matters that were raised by written motion filed and ruled on before trial, or after
getting the trial court's permission to appeal. See id. We have reviewed the clerk's record
filed in this cause, and there is nothing in the record to indicate that either situation applies
in the instant case. The record supports the trial court's certification stating that the
sentence in this case was the result of a plea bargain and that appellant has no right to
appeal. See Dears v. State, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

 The Texas Rules of Appellate Procedure provide that an appeal must be dismissed
if the trial court's certification does not show that the defendant has the right of appeal.
Tex. R. App. P. 25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4. Accordingly, this appeal is
DISMISSED. See Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (a court
of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2 (a)(2), must dismiss a prohibited appeal without further
action). Pending motions, if any, are DISMISSED AS MOOT.

 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this the 24th day of April, 2008.